James **RATLIFF**, on behalf of himself and all others similarly situated, Plaintiffs,

v.

**MERCK & COMPANY, INC.**, Defendant.

**Civ.A. No. 04–419–JMH.**

United States District Court, E.D. Kentucky.

March 3, 2005.

Mason L. Miller, Richard A. Getty, Getty, Hargadon, Miller & Keller, Lexington, KY, for Plaintiffs.

Susan J. Pope, Frost Brown Todd LLC, Lexington, KY, Winston E. Miller, Frost Brown Todd LLC, Louisville, KY, for Defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon Plaintiffs' motion to remand [Record No. 13]. Defendant filed a response to Plaintiffs' motion [Record No. 14] to which Plaintiffs replied [Record No. 15]. The Court now deems this matter ripe for review.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2004, Plaintiff James Ratliff ("Ratliff"), individually and on behalf of all others similarly situated, filed suit against Defendant Merck & Company, Inc. in the Pike Circuit Court. The complaint seeks damages for alleged violations of the Kentucky Consumer Protection Act, fraud, negligence, and unjust enrichment arising from Defendant's advertising and marketing of VIOXX® to consumers in Kentucky. Defendant removed the instant action to federal court and also filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of this case to a single court for coordinated pretrial management, pursuant to 28 U.S.C § 1407.

Subsequently, this Court entered an Order staying the instant action pending resolution of Defendant's motion before the JPML. However, after Plaintiffs filed a motion for reconsideration alleging that the Court did not have subject matter jurisdiction, the Court determined that it—and not the potential transferee court—should address the jurisdiction issue. Therefore, the Court partially lifted the stay for the purpose of determining jurisdiction. Plaintiffs thereafter filed the instant motion to remand alleging that Defendant has failed to carry its burden of proving the federal amount-in-controversy requirement.

## DISCUSSION

### A. Removal Generally

■ Generally, a civil case brought in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over suits between citizens of different states and in

which the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant seeking to remove a case bears the burden of proving the diversity requirements upon a motion to remand filed by the plaintiff. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993).

 Additionally, district courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court. *Fenger v. Idexx Labs., Inc.*, 194 F.Supp.2d 601, 602–03 (E.D.Ky.2002); *Miller v. PPG Indus., Inc.*, 237 F.Supp.2d 756, 759 n. 5 (W.D.Ky. 2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990)(quoting *Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky. 1967) ("It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction .... Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.")). Moreover, "[g]enerally, because the plaintiff is the 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 776 (W.D.Ky.2002) (quoting *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000)).

## B. Applicable Burden of Proof

 Plaintiffs and Defendant disagree as to the burden of proof applicable to Defendant as the removing party. Defendant argues that it must show only by a "preponderance of the evidence" that the diversity requirements are satisfied. *Gafford*, 997 F.2d at 158. Plaintiffs, on the other hand, argue that the "legal certainty" standard introduced in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), is the appropriate burden of proof.

The Court agrees with Plaintiffs that the Sixth Circuit's opinion in *Gafford v. Gen. Elec. Co.*, 997 F.2d 150 (6th Cir.1993), did not identify—at least not clearly—the burden of proof applicable to the type of situation before *this* Court. In *Gafford*, the plaintiff's complaint contained an unspecified amount of damages and did not contain a provision limiting the damages to less than the federal amount-in-controversy requirement. *Id.* at 154. The court stated, "[W]here the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement ... [a] survey of the case law reveals at least three different burdens of proof to be placed upon the defendant." 997 F.2d at 158. The court then analyzed each of the three options, one of which was the "legal certainty" standard, and "conclude[d] that the 'preponderance of the evidence' ('more likely than not') test [was] the best alternative." *Id.*

However, Plaintiffs' complaint in this matter does not contain an entirely *unspecified* amount of damages that is not self-evidently less than the federal amount-in-controversy requirement. Rather, Plaintiffs' complaint states specifically that Plaintiffs' damages will not exceed $75,000.[1] Accordingly, in the Court's

---

1. Plaintiffs' complaint does not specify an *exact* amount of damages, presumably because the Kentucky Rules of Civil Procedure generally prohibit a plaintiff from specifying a dollar amount of damages sought. Ky. R. Civ. P. 8.01(2) ("[T]he prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that dam-

view, *Gafford* does not address whether "more likely than not" is the appropriate burden of proof in *this* case. At least two cases that followed *Gafford* held that where a plaintiff specifically disclaims damages in excess of $75,000, a defendant must show to a "reasonable probability" or "substantial likelihood" that plaintiff seeks in excess of $75,000. *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1112 (W.D.Ky.2000) (citing *Gafford,* 997 F.2d at 157, 158); *Parnell v. State Farm Mut. Auto. Ins. Co.,* 173 F.R.D. 446, 447 (W.D.Ky.1997).

However, any ambiguity created by *Gafford* or these cases that followed was clarified by the Sixth Circuit's holding in *Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868 (6th Cir.2000). In *Rogers,* the court stated that, where "a plaintiff alleges an amount in controversy below the jurisdictional amount" and where there is an applicable state counterpart to Fed.R.Civ.P. 54(c) that "might enable [the] plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for," the applicable burden of proof for the defendant´ is "'more likely than not.'" *Rogers,* 230 F.3d at 871 (citing *Gafford,* 997 F.2d at 157, 158).[2] Because the complaint in *Rogers* contained a provision limiting the plaintiff's damages to $75,000 or less, like here, and because Kentucky has a counterpart to Fed.R.Civ.P. 54(c), *see* Ky. R. Civ. P. 54.03(2),[3] the appropriate burden of proof in this case is "more likely than not." *Rogers,* 230 F.3d at 871.

## C. Application

■ The question now becomes whether Defendant has shown that Plaintiffs' alleged damages, more likely than not, exceed the $75,000 federal amount in controversy requirement. Defendant points to several portions of Plaintiffs' complaint that, in Defendant's view, show that Plaintiffs' claimed damages exceed $75,000. First, Defendant argues that Plaintiffs' disclaimer of damages over $75,000 is unavailing. Second, Defendant argues that Plaintiffs' complaint "at least implicitly seeks classwide medical monitoring that would far exceed the jurisdictional minimum in start-up costs alone." (Def.'s Opp. to Pls.' Mot. to Remand at 6–7.) Third, Defendant argues that Plaintiffs' claims for compensatory damages, punitive damages, and attorney's fees exceed the $75,000 threshold. Finally, Defendant contends that Plaintiffs' complaint "contains an implicit request for disgorgement that should be aggregated for purposes of determining the amount in controversy." (*Id.*) The Court rejects each of these arguments and finds that remand is appropriate for the reasons described below.

ages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court.").

2. In *Rogers,* as in this case, the plaintiff's complaint specified that the plaintiff sought to recover an amount not to exceed $75,000. *Id.* at 870. The issue in *Rogers,* which is an issue not before this Court, was whether the court would give force to plaintiff's post-removal stipulation that the plaintiff's damages would not exceed $75,000. *Id.* at 872. Absent the post-removal stipulation issue, however, this Court is faced with the same situation—one in which the plaintiff's complaint disclaims damages in excess of the $75,000 federal amount in controversy requirement.

3. Ky. R. Civ. P. 54.03(2) is, for all practical purposes, identical to Fed.R.Civ.P. 54(c). The Kentucky Rule states, "Except as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*" Ky. R. Civ. P. 54.03(2) (emphasis added).

■ First, the Court disagrees with Defendant that the provision in Plaintiffs' complaint limiting Plaintiffs' damages to $75,000 has no effect. *See Gafford*, 997 F.2d at 157 ("Generally, since the plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal."); *Fenger*, 194 F.Supp.2d at 603–04; *Farkas*, 113 F.Supp.2d at 1112–13. On the other hand, Defendant points out that Plaintiffs did not file a stipulation to accompany the complaint. In the Court's view, because Plaintiffs' complaint alleges that damages will not exceed $75,000, Plaintiffs are judicially estopped from taking an inconsistent position in the future. *Cf. Fenger*, 194 F.Supp.2d at 605. Nonetheless, in the event that Plaintiffs later amend their complaint to seek in excess of $75,000, Defendant may, at that time, remove this action to federal court and seek appropriate attorneys' fees and sanctions if warranted.[4]

■ Second, Defendant's argument that Plaintiffs' complaint "at least implicitly" contains a claim for medical monitoring is without merit. Defendant attempts to use the boilerplate statement "other and further relief" along with other statements from Plaintiffs' complaint to establish that the complaint contains a medical monitoring claim. Plaintiffs allege that "ingestion of [VIOXX®] exposes individuals to an increased risk of cardiovascular events" and that individuals who used VIOXX® "now need to see their physician for consultation regarding their use of the drug . . . and have to incur expenses related to

such consultations an [sic] any follow-up diagnostic testing recommended by their physicians." (Pls.' Compl. at 5, 7.) Defendant's argument that through these provisions, Plaintiffs seek to "lay the groundwork for a medical monitoring claim" is strained at best. (Def.'s Opp. to Pls.' Mot. to Remand at 9.) Paragraph three of Plaintiffs' complaint specifically states that Plaintiffs seek reimbursement for the cost and incidental expenses incurred as a result of medical consultations that the FDA and Defendant itself determined were necessary for individuals who have taken VIOXX® in the past. (Pls.' Compl. at 2.) A claim seeking reimbursement for these recommended consultations and the costs and expenses flowing from them, in the Court's view, is very different than a claim for medical monitoring.

Furthermore, in a virtually identical situation, a district court in the Southern District of Indiana recently rejected Merck & Company, Inc.'s argument on this very issue. *Kantner v. Merck & Co., Inc.*, No. 04–2044, 2005 WL 277688 (S.D.Ind. January 26, 2005)(order granting motion to remand). The court stated in relevant part:

Merck asserts that the Plaintiff is attempting "to lay the groundwork for" a medical monitoring claim. This is an acknowledgment that she has not yet asserted such a claim. The court determines the amount in controversy based on its evaluation of the controversy as it existed when the complaint is filed; the court cannot consider theoretical amendments which may carry the amount in

---

4. Counts III and IV of Plaintiffs' complaint state, "As a result of Merck's conduct, the Plaintiff has suffered consequential damages, the exact amount of which will be determined at trial, but not to exceed $75,000." (Pls.' Compl. at 12.) The Court notes Defendant's clever, though ultimately unpersuasive, argument that this statement indicates that Plain-

tiffs seek damages of $75,000 *per count*. However, the unequivocal statement in paragraph 3 of the complaint that Plaintiffs' *claims* will not exceed $75,000 clearly limits the *total* amount of damages to $75,000. (Pls.' Compl. at 2.) Accordingly, Defendant's argument is unavailing.

controversy over the jurisdictional threshold. *Id.* at \*9–10. Additionally, as the *Kantner* court properly recognized, because Plaintiffs' complaint does not assert a medical monitoring claim, Defendant's argument that a medical monitoring claim exceeds the jurisdictional amount is irrelevant.[5] Adopting the sound reasoning of the *Kantner* court, this Court likewise finds Defendant's argument that Plaintiffs' complaint contains an implied medical monitoring claim unavailing.

Third, Defendant's argument that Plaintiffs' claims exceed the jurisdictional amount is speculative at best. Plaintiffs' complaint specifically states in paragraph three:

> The Plaintiff brings this case as a class action on behalf of all Kentucky residents who have purchased and taken Vioxx and who, upon the recommendation and advice of the FDA and Merck, have or will contact their physicians to seek advice regarding their use of Vioxx. Plaintiffs seek reimbursement for (a) the costs of such medical consultations, including the costs of any diagnostic testing recommended by the class members' physicians; (b) the lost income and related expenses the class members will have to incur in undergoing such examinations and procedures; and (c) the cost of the Vioxx the class members purchased.

(Pls.' Compl. at 2.) Defendant contends that Plaintiffs' claims for compensatory damages, punitive damages, and attorneys' fees more likely than not exceed $75,000. In support, Defendant erroneously states that Plaintiff Ratliff "reasonably assumed" his medical consultation costs to be $1,000 and his incidental damages to be $1,000 as well. (Def.'s Opp. to Pls.' Mot. to Remand at 8.) However, these $1,000 figures, which Defendant pulled from Plaintiffs' memorandum of law, were based on an extreme and highly improbable hypothetical situation in which a particular plaintiff earned $1,000 per day of employment, had a prescription co-payment of $50 per prescription, and took an entire bottle of VIOXX® every day for the five years it was on the market. Plaintiffs merely used the hypothetical to underline their argument that the damages alleged *did not exceed* the $75,000 threshold.

Further, Defendant goes on to state that "[e]ven if the total compensatory damages equal just $6,000, the amount in controversy easily exceeds $75,000" in light of a ten to one possible punitive damages ratio and a thirty percent attorneys' fee. (Def.'s Opp. to Pl.'s Mot. to Remand at 8.) However, other than referring to the unlikely $1,000 figures, Defendant fails to indicate from where it obtained the seemingly arbitrary $6,000 figure representing compensatory damages; therefore, the resulting punitive damages and attorneys' fee calculations are mere conjecture. Under these circumstances, especially in light of Plaintiffs' disclaimer that damages will not exceed $75,000, Defendant has failed to show that Plaintiffs' alleged damages more likely than not exceed $75,000.

Finally, the Court rejects Defendant's argument that Plaintiffs' claim for unjust enrichment propels the amount in controversy beyond the jurisdictional threshold. Count IV of Plaintiffs' complaint, alleging an unjust enrichment claim, states in relevant part: "By virtue of the above-described conduct, the Defendant unjustly

---

**5.** Defendant submitted the declaration of Dr. Merlin R. Wilson to support its claim that a medical monitoring claim exceeds the jurisdictional amount. However, because the Court finds that Plaintiffs' complaint does not assert a medical monitoring, the Court need not consider this testimony.

profined from the medical visits and purchases of [VIOXX®] by the Plaintiff and other members of the class, and thus was unjustly enriched." (Pls.' Compl. at 12.) Defendant's primary argument is that a claim for disgorgement requires aggregation of the various class members' claims for purposes of calculating the amount in controversy. As described below, the Court disagrees.

Generally, "while separate and distinct claims may not be aggregated, aggregation is permissible when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir.1983) (quoting *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)). A "common and undivided interest" may be identified where, "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Id.* In this case, Plaintiffs seek what may better be titled "reimbursement" of monies paid to purchase VIOXX® and monies paid for recommended medical consultations. *See Pope v. Indep. Order of Foresters*, 2002 WL 1733606, at *2 (W.D.Ky. July 23, 2002) ("Here, on the other hand, each class member would be seeking only those unearned premiums he or she paid. The damages sought are therefore better considered as reimbursement to the individual plaintiffs than as disgorgement to a common fund.")(internal citation omitted). Plaintiffs' complaint does not even suggest the establishment of a common fund to collect unjustly obtained profits. Under these circumstances, the Court finds that Plaintiffs do not seek to enforce a "common and undivided interest" and, therefore, aggregation is inappropriate. *Durant v. Servicemaster Co.*, 109 Fed.Appx. 27, 29–30 (6th Cir.2004); *Pope*, 2002 WL 1733606 at *2.

## D. Attorneys' Fees

Plaintiffs allege that they are entitled to an award of attorneys' fees in connection with the filing of this motion. Defendant has not responded to this argument.

District courts have the discretion to award attorneys' fees and costs upon remand of an action following removal. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993). Specifically, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Further, "[a] threshold determination of bad faith, improper purpose, or vexatious or wanton conduct [i]s not necessary" prior to awarding attorneys' fees and costs. *Morris*, 985 F.2d at 240. Rather, an award of fees and costs should be upheld where it is "'fair and equitable under all the circumstances.'" *See id.* (quoting *Morgan Guar. Trust Co. v. Rep. of Palau*, 971 F.2d 917, 924 (2d Cir.1992)).

In this case, the Court, in its discretion, declines to award Plaintiffs attorneys' fees and costs incurred with filing the instant motion. The Court merely found that Defendant did not satisfy the burden of showing that Plaintiffs' complaint alleged damages in excess of $75,000. Defendant raised competent, though ultimately unavailing, arguments that Plaintiffs' complaint sought damages in excess of $75,000. In a fairly close situation such as this one, the Court finds it inappropriate to award attorneys' fees and costs.

## CONCLUSION

Because Defendant has failed to show that Plaintiffs' claimed damages more likely than not exceed the jurisdictional threshold of $75,000, this Court does not

have subject matter jurisdiction over the instant cause of action.

Accordingly, **IT IS ORDERED**

(1) that Plaintiffs' motion to remand [Record No. 13] be, and the same hereby is, **GRANTED**; and

(2) that the instant cause of action be, and the same hereby is, **REMANDED TO PIKE CIRCUIT COURT**.